COAST LAW GROUP, LLP
MARCO A. GONZALEZ (SBN 190832)
LIVIA BORAK (SBN 259434)
1140 South Coast Highway 101
Encinitas, CA 92024
Ph: (760) 942-8505
Fx: (760) 942-8515
email: marco@coastlawgroup.com

Attorneys for Plaintiff
COASTAL ENVIRONMENTAL RIGHTS FOUNDATION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>VERIDIAM, INC. a Delaware corporation,<br><br>Defendant. | Case No. 3:15-cv-02260-WQH-DHB<br><br>**NOTICE OF COMPLETION OF 45-DAY REVIEW PERIOD AND REQUEST FOR ENTRY OF CONSENT DECREE**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*)** |

1

**TO THE COURT AND TO THE PARTIES:**

**PLEASE TAKE NOTICE** that on November 10, 2015, Plaintiff Coastal Environmental Rights Foundation ("CERF") filed a Notice of Settlement with the Court advising the Court that CERF and Veridiam, Inc. ("the Parties") reached a settlement in a [Proposed] Consent Decree, attached to this notice as Exhibit A. The United States Department of Justice ("DOJ") received the [Proposed] Consent Decree on October 20, 2015. On December 4, 2015 the United States DOJ filed its Statement of Interest and Comments ("Statement"). (See ECF Document No. 6). Pursuant to the Statement, the federal government does not object to the entry of the [Proposed] Consent Decree.

With respect to the proposed Supplemental Environmental Project (SEP) contemplated in the [Proposed] Consent Decree, the Statement reflects that the United States DOJ received a letter from the SEP fund recipient, San Diego Coastkeeper, confirming that all funds received by the organization as a result of the [Proposed] Consent Decree would be used solely for the purpose outlined in the decree and that San Diego Coastkeeper agrees not to use any of the funds it receives to conduct a SEP to fund political lobbying activities prohibited by section 501(c)(3) of the IRS Code. (See ECF Document No. 6, Exhibit 1).

A [Proposed] Order entering the [Proposed] Consent Decree is attached hereto. Accordingly, Plaintiff respectfully requests that this Court enter the [Proposed] Consent Decree by executing the [Proposed] Order filed herewith.

Dated: December 9, 2015

Respectfully submitted,

COAST LAW GROUP LLP

By: s/Marco A. Gonzalez
MARCO A. GONZALEZ
Attorneys for Plaintiff
COASTAL ENVIRONMENTAL
RIGHTS FOUNDATION
E-mail: marco@coastlawgroup.com

# EXHIBIT A

Todd O. Maiden (SBN 123524)
Email:   tmaiden@reedsmith.com
Phillip Babich (SBN 269577)
Email:   pbabich@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Veridiam, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VERIDIAM, INC., a Delaware corporation,<br><br>Defendant. | Case No.  3:15-cv-02260-WQH-DHB<br><br>**[PROPOSED] CONSENT JUDGMENT**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. § 1251** *et seq.***)** |

**WHEREAS**, CERF is a nonprofit public benefit corporation founded by surfers dedicated to the protection, preservation and enhancement of the environment, wildlife, natural resources, local marine waters, and other coastal natural resources; and members of CERF use and enjoy the waters into which pollutants from industrial activities are discharged, including the San Diego River and the Pacific Ocean;

**WHEREAS**, Veridiam is a Delaware corporation and a build-to-print contract manufacturer serving the medical, nuclear, aerospace, dental and industrial markets;

**WHEREAS**, Veridiam operates facilities located at 1717 North Cuyamaca St., El Cajon, California (the "El Cajon Facility" or the "Veridiam Facility"), and at 4665 North Avenue,

Oceanside, California (the "Oceanside Facility"). Collectively, the El Cajon Facility and the Oceanside Facility may be referred to as the "Veridiam Facilities;"

**WHEREAS**, the General Permit for Storm Water Discharges Associated with Industrial Activities, State Water Resources Control Board Order No. 97-03-DWQ and National Pollutant Discharge Elimination System Permit ("NPDES") No. CAS000001 ("General Permit") required that specified facilities obtain coverage under the General Permit if those facilities qualify as "industrial" facilities, as defined in the Permit, and if those facilities' storm water discharges could adversely impact the water quality of jurisdictional waters of the United States;

**WHEREAS**, on January 27, 2015, CERF sent Veridiam and the County of San Diego a 60-Day Notice Letter indicating CERF's intent to sue Veridiam under Sections 505(a) and (b) of the Clean Water Act, 33 U.S.C. § 1365(a) and (b), for alleged violations of the General Permit ("El Cajon Notice Letter") at the El Cajon Facility, including allegations of: storm water discharges in violation of the General Permit, failure to develop and/or implement best management practices ("BMPs") to achieve compliance with the Clean Water Act's technology standards, failure to develop and implement an adequate Storm Water Pollution Prevention Plan ("SWPPP"), inaccurate or incomplete annual reports, and failure to monitor certain pollutants and storm events;

**WHEREAS**, on January 27, 2015, CERF sent Veridiam a separate 60-Day Notice Letter stating CERF's intent to sue Veridiam for alleged violations of the General Permit at the Oceanside Facility ("Oceanside Notice Letter");

**WHEREAS**, Veridiam conducts fabricated metal manufacturing at the El Cajon Facility with Standard Industrial Classification ("SIC") Code 3499 which was regulated by the General Permit, and as such, the El Cajon Facility received coverage under the General Permit (or its predecessor versions) since 2006 (Waste Discharger Identification No. 9 37I020299);

**WHEREAS**, Veridiam's Oceanside Facility is a conditional industry with SIC Code 3599 ("Industrial and Commercial Machinery and Equipment, not elsewhere classified"). Veridiam filed a Notice of Non-Applicability No Exposure Certification (NONA-NEC) with the Regional Water Quality Control Board – San Diego Region ("RWQCB") on or about September 5, 2013;

**WHEREAS**, on March 27, 2015, Veridiam responded to CERF's Oceanside Notice Letter regarding the Oceanside Facility. Veridiam informed CERF that the Oceanside Facility was not subject to the General Permit and denied all of CERF's allegations therein;

**WHEREAS**, on April 1, 2014, the State Water Resources Control Board adopted Order No. 2014-0057-DWQ, approving and implementing a new General Permit ("2015 General Permit") which superseded the previous General Permit;

**WHEREAS**, on April 1, 2015, Veridiam responded to CERF's Notice Letter regarding the El Cajon Facility. Veridiam denied all of CERF's allegations therein;

**WHEREAS**, on July 1, 2015, the 2015 General Permit went into effect;

**WHEREAS**, by November 1, 2015, Veridiam will file for its Oceanside Facility an updated NEC with the RWQCB, if it has not already done so by that time;

**WHEREAS**, on October 8, 2015, CERF filed suit against Veridiam in the U.S. District Court for the Southern District of California (the "Court") (Case No. 3:15-cv-02260-WQH-DHB) for alleged violations of the Clean Water Act, the General Permit, and the 2015 General Permit at the El Cajon Facility;

**WHEREAS**, CERF and Veridiam (collectively "Parties") have agreed that it is in the Parties' mutual interest to enter into a Consent Judgment setting forth terms and conditions appropriate to resolving the allegations set forth in CERF's complaint without further proceedings;

**WHEREAS**, this Consent Judgment shall be submitted to the United States Department of Justice and the United States Environmental Protection Agency for the statutory review period pursuant to 33 U.S.C. § 1365(c) and 40 C.F.R. § 135.5;

**WHEREAS**, all actions taken by Veridiam pursuant to this Consent Judgment shall be made in compliance with all applicable federal, state and local rules and regulations;

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action pursuant to section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A).

2. Venue is appropriate in the Southern District of California pursuant to Section

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

505(c)(1) of the Clean Water Act, 33 U.S.C. §1365(c)(1), because the Veridiam Facility at which the alleged violations took place is located within this district.

3. The complaint states a claim upon which relief may be granted against Veridiam pursuant to Section 505 of the Clean Water Act, 33 U.S.C. § 1365.

4. CERF has standing to bring this action.

## OBJECTIVES

5. It is the express purpose of the Parties entering into this Consent Judgment to further the objectives set forth in Section 101 *et seq.* of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and to resolve those issues alleged by CERF in its Complaint. In light of these objectives and as set forth fully below, Veridiam agrees, *inter alia*, to comply with the provisions of this Consent Judgment and the requirements of the General Permit, 2015 General Permit, and all applicable provisions of the Clean Water Act at the Veridiam Facility.

6. Specifically, Receiving Water Limitation "A" in the 2015 General Permit requires that the Veridiam Facility "not cause or contribute to the exceedance of an applicable water quality standard." Effluent Limitation "A" of the 2015 General Permit requires that the Veridiam Facility implement Best Management Practices ("BMPs") that comply with the Best Available Technology ("BAT") and the Best Conventional Pollutant Control Technology ("BCT") requirements of the 2015 General Permit to reduce or prevent discharges of pollutants in their storm water discharge in a manner that reflects best industry practice considering technological availability and economic practicability and achievability.

## TERMS AND CONDITIONS

7. <u>Veridiam's Storm Water Consultants</u>. Veridiam has retained outside consultants and/or engineers experienced in storm water compliance issues to update Veridiam's SWPPP and Monitoring Implementation Plan ("MIP") and to train Veridiam personnel to conduct storm water sampling at the El Cajon Facility. Veridiam has contracted with a third-party laboratory to analyze and report selected chemical constituents in storm water samples, pursuant to U.S. Environmental Protection Agency approved analytical protocols. By executing this Consent Judgment, CERF agrees that Veridiam and its outside laboratory possess the requisite technical and other

qualifications to perform the storm water sampling and analysis. Veridiam shall be under no obligation to continue contracting with this laboratory in the future, however, if it does not meet Veridiam's expectations.

8.    Immediately following finalization of the SWPPP and MIP, Veridiam will commence implementation of the plans and begin construction of the structural BMPs as described in the design plans, SWPPP and MIP, to the extent such implementation has not already begun.

9.    No later than November 1, 2015, unless delayed by an impossibility of performance as further described in Paragraph 27, below, or by the meet and confer process, as described in Paragraph 19, below, Veridiam will complete construction and installation of the BMPs as described in the SWPPP and MIP, including:

    a.    Ultra-Hydrokleen advanced catch basin in drainage area D3;

    b.    Three Modular Wetland Systems to be installed at Building 8 and Building 7; and

    c.    Gutters to divert storm water to the Modular Wetland Systems.

10.    <u>Storm Water Runoff Sampling and Analysis</u>. Beginning with the 2015–2016 wet season (*circa* October 1, 2015), Veridiam shall collect and analyze storm water runoff samples at the Veridiam Facility pursuant to the requirements of the 2015 General Permit. Provisions detailing the required sampling protocols shall be included in the new MIP, and Veridiam shall continue to monitor for the same pollutants as in the prior MIP.

11.    <u>Site Visit</u>. CERF shall be permitted to visit the Veridiam Facility within the three months following November 1, to verify the implementation of the BMPs required by this Consent Judgment. CERF shall coordinate this visit with Veridiam's Environmental Coordinator, who will provide a tour of the facility's new BMPs.

12.    <u>Supplemental Environmental Project</u>. Veridiam agrees to pay ten thousand dollars ($10,000.00) to San Diego Coastkeeper for use in a supplemental environmental project to eliminate or mitigate the impacts of storm water pollution to the San Diego River watersheds receiving discharges from the Veridiam Facility. Veridiam shall make the mitigation payment within thirty (30) days of the Effective Date, defined below in Paragraph 39, payable to San Diego Coastkeeper, and sent via certified mail to San Diego Coastkeeper, Attn. Megan Baehrens, 2825

Dewey Road, Suite 200, San Diego, CA 92106. Veridiam shall provide CERF with a copy of such payment.

13. <u>Costs and Attorneys' Fees</u>. No later than five (5) business days after the Effective Date, Veridiam shall reimburse CERF in the total amount of fifteen thousand dollars ($15,000.00) as a compromise of CERF's request for costs and attorneys' fees incurred in pursuing the resolution of Veridiam's alleged violations of the General Permit. Such fees and costs shall be made payable to "Coast Law Group LLP" and delivered Attn: Marco Gonzalez, 1140 S. Coast Highway 101, Encinitas CA, 92024.

14. <u>Compliance Monitoring and Oversight</u>. After the Effective Date, Veridiam, if necessary, shall pay to CERF reasonable attorneys' fees, in an amount not to exceed a total of ten thousand dollars ($10,000), associated with CERF's attorneys' participation in the future compliance monitoring and oversight of this Consent Judgment, provided that CERF makes good faith efforts to minimize legal costs. Any requests for attorneys' fees incurred after execution of the Consent Judgment shall be transmitted to Veridiam pursuant to Paragraph 34 and shall include billing and time entries. Veridiam shall pay CERF within fifteen (15) business days of receiving an invoice. Such fees and costs shall be made payable to "Coast Law Group LLP" and delivered Attn: Marco Gonzalez, 1140 S. Coast Highway 101, Encinitas CA, 92024.

15. <u>Reporting</u>. During the life of this Consent Judgment, Veridiam shall provide CERF electronic copies of publicly available documents it is required to submit pursuant to the 2015 General Permit within five (5) business days after such documents are submitted.

**MUTUAL RELEASE OF CLAIMS**

16. Provided that Veridiam has satisfactorily complied with the obligations set forth in this Consent Judgment, CERF, acting on its own and in the public interest, shall not issue any additional notices of intent to sue Veridiam, or its officers, directors, employees or lessors for alleged violations of the General Permit or 2015 General Permit at the Veridiam Facilities occurring or arising at any time before the Effective Date. CERF covenants not to sue, and hereby releases all claims, including fees and costs, alleged against, or which could have been alleged against, Veridiam, or its officers, directors, employees and lessors in association with the

allegations in CERF's Notice Letters and its complaint in this action. CERF shall not seek any penalties, monetary or otherwise, nor encourage or provide assistance to any other party to seek penalties, monetary or otherwise, in association with the allegations in CERF's Notice Letters and complaint.

17. In consideration of the above, upon termination of this Consent Judgment, the Parties hereby fully release, except for claims for Defendants' failure to comply with this Consent Judgment and as expressly provided below, each other and their respective successors, assigns, officers, agents, employees, landlords/property owners, and all persons, firms and corporations having an interest in them, from any and all alleged Clean Water Act violations claimed in the Complaint, up to and including the Effective Date of this Consent Judgment.

18. Nothing in this Consent Judgment limits or otherwise affects CERF's right to address or take a position that it deems necessary or appropriate in any formal or informal proceeding before the Regional Water Quality Control Board, the U.S. Environmental Protection Agency, or any other judicial or administrative body on any other matter relating to Veridiam, to the extent such action by CERF is not inconsistent with the terms and conditions of this Consent Judgment.

### DISPUTE RESOLUTION

19. This Court shall retain jurisdiction over this matter for the purposes of implementing and enforcing the terms and conditions of this Consent Judgment and adjudicating all disputes among the parties that may arise under the provisions of this Consent Judgment. The Court shall have the power to enforce this Consent Judgment with all available legal and equitable remedies, including contempt.

20. _Meet and Confer._ A party to this Consent Judgment shall invoke the dispute resolution procedures of this Section by notifying all other Parties in writing of the matter(s) in dispute and of the party's intention to resolve the dispute under this Section. The Parties shall then meet and confer in an attempt to resolve the dispute informally over a period of fourteen (14) calendar days from the date of the notice.

21. If the Parties cannot resolve a dispute by the end of the informal negotiations

described in Paragraph 20, above, a party may invoke formal mediation by sending the other party a registered letter to that effect no more the five (5) business days after the fourteen (14) day meet and confer period. The Parties shall mutually agree on a mediator and a mediation process within fifteen (15) business days of invoking formal mediation pursuant to this Paragraph. The party invoking mediation under this Paragraph shall be responsible for all of the mediator's costs.

22. If the Parties cannot resolve a dispute through the meet and confer process outlined in Paragraph 20, or, if invoked, the formal mediation as described in Paragraph 21, above, a party may seek judicial enforcement of the Consent Judgment by filing a motion before the United States District Court for the Southern District of California. Prior to filing such a motion, written notice must be given to the other party. The Parties shall jointly apply to the Court for an expedited hearing schedule on the motion.

23. If a motion is brought pursuant to Paragraph 22, above, the prevailing party shall be entitled to recover fees incurred to enforce the terms of this Consent Judgment consistent with the provisions of Sections 505 and 309 of the Clean Water Act, 33 U.S.C. §1365 and § 1319.

## RETENTION OF JURISDICTION AND TERMINATION

24. The Court shall retain jurisdiction over this matter for purposes of interpreting, modifying or enforcing the terms of this Consent Judgment until the end of the 2016–2017 wet season (May 30, 2017) unless either Party files and is granted a timely motion requesting an extension of time for the Court to retain jurisdiction.

25. Unless such motion is granted, this Consent Judgment shall terminate on May 30, 2017.

## MISCELLANEOUS PROVISIONS

26. <u>Meet and Confer Process for Future Alleged Violations</u>. For a period of five (5) years starting on August 14, 2015, prior to issuing any new Notice of Intent to Sue or Notice of Violation to Veridiam, or its officers, directors, and employees for any alleged violation of the California Water Code or the Clean Water Act, CERF shall meet and confer with Veridiam regarding any alleged violations. The parties will work in good faith to resolve any differences prior to CERF bringing a new action.

27. <u>Impossibility of Performance</u>. No Party shall be considered to be in default regarding its performance of any obligations under this Consent Judgment if performance becomes impossible due to circumstances beyond the Party's control, or when failure to perform is substantially due to circumstances beyond the Party's control, including without limitation any acts or omissions of a third party non-signatory to this Consent Judgment (a *"force majeure"*). "Circumstances beyond the Party's control" shall not include normal inclement weather, economic hardship, or inability to pay. Any Party seeking to rely upon this Paragraph to justify non-performance shall have the burden of establishing that the Party could not reasonably have been expected to avoid the failure of performance and could not through due diligence have overcome the circumstances preventing performance.

28. <u>Penalties for Failing to Adhere to Agreement Deadlines</u>. Veridiam shall make a remediation payment of one thousand dollars ($1,000) for each missed deadline included in or contemplated by this Consent Judgment, unless the missed deadline results from an impossibility of performance, as described in the preceding Paragraph. Payments for missed deadlines shall be made to CERF and shall be used for the restoration or improvement of the San Diego River watershed. Veridiam agrees to make any such payments within thirty (30) days of a missed deadline via certified mail or overnight delivery to Coastal Environmental Rights Foundation, 1140 South Coast Highway 101, Encinitas, CA 92024. Any failure by CERF to adhere to the deadlines in this Consent Judgment shall be construed as CERF's acceptance of Veridiam's proper performance of the obligation to which the missed deadline applies.

29. <u>No Admissions</u>. The Parties enter into this Consent Judgment for the purpose of avoiding the time, expense, and uncertainty of litigation. Nothing in this Consent Judgment shall be construed as an admission of any alleged fact, issue of law, or violation of law, nor shall compliance with this Consent Judgment be construed as an admission of any alleged fact, issue of law, or violation of law. However, this Paragraph shall not diminish or otherwise affect the obligations of the Parties under this Consent Judgment.

30. <u>Severability</u>. If, subsequent to the entry of this Consent Judgment, any provision is held by a court to be unenforceable, the validity of the remaining provisions shall not be adversely

affected.

31. <u>Choice of Law</u>. U.S. federal law shall govern this Consent Judgment.

32. <u>Joint Statement Regarding Consent Judgment</u>. To the extent either Party makes any statement regarding this Consent Judgment, the Parties agree to release a joint statement.

33. <u>Construction</u>. The language in all parts of this Consent Judgment shall be construed according to its plain and ordinary meaning, except as to those terms defined in the General Permit, 2015 General Permit, the Clean Water Act, or specifically herein.

34. <u>Integration</u>. All agreements and representations, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Judgment are contained herein.

35. <u>Delivery of Documents.</u> Any documents required by or provided for in this Consent Judgment shall be sent by both email and first-class mail to each of the following representatives of the Parties. Notice shall be deemed given and received on the date when documents are received by email if such notice is given by email to all recipients between 9:00 a.m. and 5:00 p.m. Pacific Time on a business weekday. Notice shall be deemed given and received on the next business weekday if notice is given by email to all recipients on a holiday or weekend day or after 5:00 p.m. Pacific Time on a business weekday.

Documents for CERF shall be sent to:

Sara Kent, Programs Director
Coastal Environmental Rights Foundation
1140 S. Coast Highway 101
Encinitas, CA 92024
sara@cerf.org

with a copy to:

Livia Borak
Coast Law Group LLP
1140 S. Coast Highway 101
Encinitas, CA 92024
livia@coastlawgroup.com

Documents for Veridiam shall be sent to:

Charles Passarelli
Chief Executive Officer
Veridiam, Inc.
1717 North Cuyamaca Street
El Cajon, CA 92020-1110

With a copy to:

Todd O. Maiden
Reed Smith LLP
101 Second Street, Suite. 1800
San Francisco, CA 94105
tmaiden@reedsmith.com

36. <u>Execution in Counterparts</u>.  This Consent Judgment may be executed in one or more counterparts, including facsimile and portable document format (PDF) electronic copies, each of which shall be deemed to constitute an original copy of this Consent Judgment and all of which, when taken together, shall be deemed to constitute one and the same Consent Judgment.

37. <u>Modification</u>.  This Consent Judgment may be amended or modified only by written instrument signed by all Parties or their successors in interest and approved by the Court.

38. <u>Authorization</u>.  The undersigned are authorized to execute this Consent Judgment and have read, understood, and agree to all of the terms and conditions contained herein.

39. The term "Effective Date," as used in this Consent Judgment, shall mean the date on which the Court enters this Consent Judgment.

**[SIGNATURES ON FOLLOWING PAGE]**

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

1  IN WITNESS WHEREOF, the Parties have executed this Consent Judgment as of the last date set
2  forth below.

3  Date: October 12, 2015                    Date: October 12, 2015

4  VERIDIAM, INC.                            COASTAL ENVIRONMENTAL RIGHTS
5                                            FOUNDATION

6
7  By: _____               By: _____
    Charles Passarelli                           Sara Kent, Programs Director
8  Chief Executive Officer

9

10 APPROVED AS TO FORM

11
12    DATED: October 13, 2015                REED SMITH LLP

13
14                                           By: _____
                                                Todd O. Maiden
15                                              Phillip H. Babich
                                                Attorneys for Defendant
16                                              Veridiam, Inc.

17    DATED: October 12, 2015                COAST LAW GROUP LLP

18
19                                           By: _____
                                                Marco Gonzalez
20                                              Livia Borak
                                                Attorneys for Plaintiff
21                                              Coastal Environmental
                                                Rights Foundation
22 IT IS SO ORDERED.
                                             DATED:
23

24                                           _____
25                                           United States District Judge

26
27
28